# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERRY CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01566 ERW |
| ) | |
| SHERRY LATHAM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Remand [doc. #9] filed on November 1, 2005. Defendant has not opposed or otherwise responded to the Motion, and the time for doing so has expired. In her Motion, Plaintiff states that the allegation made in her Petition that her medical expenses amount to approximately $70,000.00 was in error. Plaintiff further states that the medical expenses she actually incurred were approximately $7,000.00. Counsel for Plaintiff, Leland C. Smith, has provided an affidavit attesting to this error.

A civil action brought in a state court may be removed to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met,[1] or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party who invokes jurisdiction bears the burden of proving that all prerequisites to

---

[1] Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

jurisdiction are satisfied. *See Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *Manning v. Wal-Mart Stores E., Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004).

Defendant removed this case on the basis of diversity jurisdiction. Plaintiff filed a Motion to Remand, arguing that the Court lacks jurisdiction over this matter because the amount in controversy requirement has not been met. As the removing party, Defendant has the burden of demonstrating that this Court has jurisdiction. Defendant has failed to meet her burden. Therefore, the Court concludes that it lacks subject matter jurisdiction over this action and will remand this case to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [doc. #9] is **GRANTED**.

An appropriate order of judgment shall accompany this Order.

Dated this 23rd day of November, 2005.

　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com